**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MARLON D. CURRIE,

    Plaintiff,

v.                                    Case No. 10-13133

STATE OF MICHIGAN, ET AL.,

    Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED
IN FORMA PAUPERIS AND DISMISSING COMPLAINT**

Before the court is Plaintiff Marlon D. Currie's pro se complaint, filed August 9, 2010. Contemporaneous to filing his complaint, Plaintiff filed an application to proceed in forma pauperis. The court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1),[1] and the court will then dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2).

**I. STANDARD**

Complaints filed by a plaintiff proceeding in forma pauperis are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or

---

[1] In his application to proceed *in forma pauperis*, Plaintiff states that he is unemployed, that the only money he receives is from unemployment assistance, that he has no money in a checking or savings account, and that he has no other assets. Accordingly, the court will grant Plaintiff's application to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(1).

that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

To state a claim upon which relief may be granted, a plaintiff must show "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court must construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)); *Evans-Marshall v. Board of Educ.,* 428 F.3d 223, 228 (6th Cir. 2005). Yet, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

## II. DISCUSSION

Plaintiff's complaint is nearly unintelligible. To the extent it can be understood, however, Plaintiff's complaint alleges the following claims. Plaintiff brings this civil action alleging violation, deprivation, and conspiracy to deprive Plaintiff of rights guaranteed under the First Amendment's Free Exercise and Establishment Clauses, citing 42 U.S.C. §1983.[2] (Compl. ¶¶ 1, 9, 10.) Plaintiff describes the claims as "Severe Emotional Distress," "Intentional and Reckless Disregard for Law," "Outrageous

---

[2] Plaintiff also cites 28 U.S.C. § 1343 (original jurisdiction in district courts for civil actions for deprivations of civil rights), 31 U.S.C. § 3729 (fraud and false claims for payment), 42 U.S.C. § 1985 (conspiracy to interfere with civil rights), 42 U.S.C. § 1986 (liability for failure to prevent conspiracy interfering with civil rights), and 42 U.S.C. § 1988 (district court powers to enforce laws respecting civil rights). (Compl. ¶ 1.) Although Plaintiff cites to these sections, no scintilla of a claim based on these sections has been alleged.

Conduct," "Fraud and the Color of Law," and "Abuse of Due Process." (Compl. 14-20.) The basis of Plaintiff's complaint is that he has been prosecuted under state law "for invoking his First Amendment Rights." (Compl. ¶ 9.) Plaintiff now contests the validity of these laws[3] and the procedures used. (Compl. ¶¶ 10(d), (g), (j), (n).) Details of the underlying occurrences are scarce because "Plaintiff does not allege any facts." (Compl. ¶¶ 10(r), (u).)

First, Plaintiff appears to challenge the constitutionality of laws concerning domestic violence on Free Exercise Clause grounds. Plaintiff claims to have been "convicted . . . of a crime he didn't commit as corporal punishment and many other forms of disciplinary measures are demanded by the Christian God in the rearing of a child." (Compl. ¶ 10(e).) Plaintiff further claims "[d]omestic violence legislation is not a general law aimed at not promoting or restricting religious beliefs, ergo, religious conviction relieve [sic] the individual from obedience to said law as it's unconstitutional." (Compl. ¶ 10(ddd).) Plaintiff's bald assertions of excuse from compliance with neutral laws of general applicability based on his religious beliefs are factually insufficient and legally inaccurate. *See Employment Div., Dept. Of Human Resources of Ore. v. Smith*, 494 U.S. 872 (1990).

Second, Plaintiff appears to challenge the constitutionality of domestic violence

---

[3] It is unclear which laws Plaintiff challenges. Although several citations are offered, most either are nonexistent or do not state a crime, such as Mich. Comp. Laws § "780.811 [780.81(A)]" and Mich. Comp. Laws § "780.812 [780.81(B)]." (Compl. ¶¶ 9, 10(h).) Others could be read as ambiguous references to criminal offenses: Mich. Comp. Laws § 750.811 [750.81(A)]," Mich. Comp. Laws § "750.812 [750.81(B)]." (Compl. ¶¶ 10(d), (m).) Only one law is clearly identified: Mich. Comp. Laws § 750.540 (Cutting, breaking, tapping, connecting line, wire or cable).

laws and mandatory counseling on Establishment Clause grounds. Plaintiff alleges that the "mandatory counseling sessions (DVIC)" were "devised to reshape, alter, reform and prohibit the Plaintiff's religious beliefs." (Compl. ¶¶ 10(ss), (rr).) Plaintiff further alleges that "Defendants' national DV campaign is an attempt, influence and/or status quo, to change the way Christians serve God as a government approved religion," in accordance with which "Defendants' [sic] tried to force substitutions, doctrines, ideology and alterations on and/or in exchange of the Plaintiffs [sic] beliefs; contrary to the Establishment Clause." (Compl. ¶¶ 10(ee), (ff).) These conclusory assertions, without more, do not "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, Plaintiff has failed to provide a factual basis to support a legal finding of a violation of the Establishment Clause. *See Lemon v. Kurtzman*, 403 U.S. 602 (1971).

Plaintiff's remaining claims appear to be premised upon a violation of his First Amendment rights. (Compl. ¶¶ 10(y), (z), (dd), (ff), (nn).) Because the complaint does not contain "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, the court will dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted, *see* 28 U.S.C. § 1915(e)(2)(B).

### III. CONCLUSION

For the reasons stated above,

IT IS ORDERED that Plaintiff's application to proceed in forma pauperis [Dkt. # 2] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's complaint [Dkt. # 1] is DISMISSED

pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted.

                                               S/Robert H. Cleland
                                               ROBERT H. CLELAND
                                               UNITED STATES DISTRICT JUDGE

Dated: August 20, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 20, 2010, by electronic and/or ordinary mail.

                                               S/Lisa Wagner
                                               Case Manager and Deputy Clerk
                                               (313) 234-5522